IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                            No. 23-1112 MJ

RAMON ZUBIA,

    Defendant.

MEMORANDUM OPINION AND ORDER

       This matter comes before the Court upon Defendant's Appeal from Magistrate [Judge's] Order of Detention, filed July 25, 2023. This Court has reviewed the Criminal Complaint (Doc. 1), the Order of Detention Pending Trial (Doc. 11), Clerk's Minutes (Doc. 8), Pretrial Services Report (Doc. 6), the audio recording of the July 13, 2023, hearing before the Magistrate Judge, Defendant's Appeal (Doc. 12), and the Response from the United States. Having considered the foregoing, and for the following reasons, the Court affirms the Order of the Magistrate Judge and orders the defendant be detained pending trial.

*I. Standard of Review and Applicable Law*

       "The standard of review for the district court's review of a magistrate judge's detention or release order under [18 U.S.C.] § 3145(a) is de novo." *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003). "A defendant may be detained pending trial if a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *United States v. Mobley*, 720 Fed. Appx. 441, 444 (10th Cir. 2017) (citing 18 U.S.C. § 3142(e)(1)). Ordinarily, "[t]he government bears the burden of proving risk of flight by a preponderance of the evidence

1

and dangerousness to any other person or the community by clear and convincing evidence." *Id.* (citing *Cisneros,* 328 F.3d at 615).

Here, however, based on the quantity of cocaine charged against Mr. Zubia, he is presumed to be a flight risk and a danger to the community and that no condition or combination of conditions will reasonably assure his appearance as required and the safety of the community. 18 U.S.C. § 3142(e)(3). Prior to the detention hearing, the Magistrate Judge concluded there was probable cause to believe that Mr. Zubia possessed with intent to distribute 8.5 kilograms of cocaine.

To rebut the presumption, Defendant points to the recommendation of Pretrial Services that he be released on a $10,000 secured bond and to a third-party custodian, his father, who has already been approved and is willing to underwrite any bond. While acknowledging his criminal history, he argues it does not rise to the level of a finding of a flight risk or a danger. He states that while he currently faces a mandatory minimum sentence, he likely will qualify for safety valve relief, thus he has an incentive to comply with conditions of release. He has family ties to the area, including two children, his parents and a brother and sister, all live in El Paso and his employment, which he can resume if released, all establishing he is not a risk to flee.

After hearing argument from counsel and the recommendation of Pretrial Services, but without making specific factual findings, the Magistrate Judge concluded that Defendant had not introduced sufficient evidence to rebut the presumption and ordered Defendant detained on that basis. (Docs. 8, 11). Based on his showing before the Magistrate Judge and in his briefing on appeal, this Court concludes Defendant rebutted the presumption that no condition or combination of conditions would assure his appearance and the safety of the public.

Even so, and as the United States correctly notes in the briefing, in the event a defendant satisfies his burden of persuasion, the inquiry continues. In this event, the burden shifts to the United States to prove by clear and convincing evidence or by a preponderance that he is a flight risk. And this Court agrees that the presumption remains a factor for the Court's consideration of whether release or detention is appropriate.

*II. Findings and Analysis*

The United States' position is that the defendant should be detained because he is both a risk of flight and a danger to the community. In deciding whether to release or detain a defendant pending trial, the Court considers the following factors set forth in Section 3142(g):

> **(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> **(2)** the weight of the evidence against the person;
>
> **(3)** the history and characteristics of the person, including—
>
> > **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> >
> > **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*A. Nature and Circumstances of the Offense Charged*

Defendant is charged with violating 21 U.S.C. § 841(a)(1) and §841(b)(1)(A), possession with intent to distribute 8.5 gross kilograms of cocaine. It is undisputed here that drug trafficking

is a serious crime that causes "grave harm to society." *See, e.g., Harmelin v. Michigan*, 501 U.S. 957, 1002 (1991) ("possession, use, and distribution of illegal drugs represent one of the greatest problems affecting the health and welfare" of the population). The charge alone implicates a presumption that the Defendant is dangerous.

This factor favors detention.

### B. Weight of the Evidence Against Defendant

The charge for violating 21 U.S.C. § 841 stems from his arrest on July 5, 2023, at the United States Border Patrol checkpoint located on U.S. Highway 54, located south of Alamogordo, New Mexico. Defendant was driving a vehicle in which, after primary and secondary inspection, the cocaine was located in an aftermarket compartment with access near the rear passenger tire wheel well. While denying knowledge of the cocaine, Defendant stated he obtained the vehicle at "Pockets" bar in Cuidad Juarez, Mexico, on Sunday, July 2, 2023, and he crossed the vehicle into El Paso, Texas on Monday, June 3. However, the allegation in the complaint includes that contrary to Defendant's version, "crossing history revealed [Defendant] also crossed the Subject Vehicle into El Paso, Texas on Sunday, June 2, 2023, the vehicle returned to Mexico the morning of June 3, 2023, and then [Defendant] crossed the Subject Vehicle back into the United States again several hours later on Monday, June 3, 2023." Further, Defendant stated he was hired to deliver the vehicle to Denver, Colorado for an $800 payment. He also stated he had no contact with the unknown male who hired him and he did not know the unknown male's real name except as "Cholo."

Further, the Unites States describes evidence that prior to Defendant's arrest at the checkpoint, the El Paso DEA office had received information relating to a known Mexican drug trafficker using two specific vehicles to move cocaine from Mexico into the United States. As a

result, the DEA issued a lookout on both vehicles. Also prior to Defendant's arrest, on May 4, 2023, one of the vehicles was stopped on Highway 54 and found to be carrying seven kilograms of cocaine. Subsequently, on July 2, 2023, Defendant crossed the second vehicle across the border from Mexico into El Paso. The next day, the vehicle traveled back into Mexico, then returned a few hours later from Mexico into the United States. Defendant was arrested two days later driving the vehicle containing seven kilograms of cocaine.

The United States also points to evidence from Defendant's phone showing a text message from Defendant to another person, describing in substance that he planned to park the vehicle at his father's residence and tell his father the vehicle belonged to another person. The United States argues this evidence suggests Defendant's willingness to deceive his father and proposed third-party custodian if his father became suspicious about the Defendant's possession of the vehicle.

This factor favors detention also.

C. *History and Characteristics of Defendant*

The Court accepts that Defendant is a naturalized United States Citizen at 21 years of age, having been born in the Republic of Mexico 47 years ago, and he has resided in El Paso, Texas. His parents both are Legal Permanent Residents, also residing in El Paso, along with a 37-year-old brother and a 42-year-old sister, both citizens of the United States. Defendant is divorced from his wife after approximately seven years of marriage, from which they have two children, ages 17 and 23, both residing in El Paso. He attended high school in El Paso until 11th grade, although this information as well as attendance has not been confirmed. Defendant reports various jobs in the El Paso area, though he was unemployed for the month leading up to his arrest.

In considering any risk of flight, especially from the United States, the Court is concerned with Defendant's ties to the Republic of Mexico. While initially denying to law enforcement any travel to Mexico, it was revealed at the hearing before the Magistrate Judge that he actually had 400 border crossings during the past 10 years, an average of 40 crossings each year. Moreover, the evidence indicated crossings of the vehicle in which Defendant was arrested in the days (June 29, July 2, and 3) before his arrest. The Court also is concerned with Defendant's history, though comparatively not egregious, of failing to comply with Court orders, as documented in the Pretrial Services report. The Court also notes the potential application of the statutory mandatory minimum sentence.

This factor slightly favors detention.

*III. Conclusion*

Having considered the foregoing Section 3142(g) factors, the Court concludes by clear and convincing evidence that Defendant is a danger and by a preponderance of evidence that Defendant is a risk of flight and further concludes that no condition or combination of conditions will assure the safety of the community and his appearance as required.

IT IS ORDERED that

1. the Order of the Magistrate Judge detaining Defendant is affirmed; and
2. Defendant shall remain in the custody of the United States Marshal pending trial.

_____
UNITED STATES DISTRICT JUDGE